# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ANGEL CHAVONE MICHEL,** | )  |
| Plaintiff, | ) Case No. 7:19CV00270 |
| v. | ) **OPINION** |
| **OFFICER DUVALL, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Angel Chavone Michel, Pro Se Plaintiff.*

Inmate Angel Chavone Michel, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining that local jail officers had made false statements against her and defamed her because of her race. The court conditionally filed the complaint, advised Michel that she had failed to state claims under § 1983 against the defendants, because her Complaint did not provide facts about each defendants' actions and how they violated her constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The court further directed Michel to file an amended complaint to correct this deficiency and warned her that failure to file an amended complaint within twenty-one days would result in dismissal of this civil rights action without prejudice.

Michel has filed no response to the court's order, and her time to do so has elapsed. Inasmuch as Michel has failed to comply with the court's order within the time allotted, I will dismiss this action with prejudice.[1]

A separate Final Order will be entered herewith.

DATED: June 17, 2019

/s/ James P. Jones
United States District Judge

---

[1] In any event, I also cannot find that Michel's submissions demonstrate deprivation of any constitutionally protected rights so as to state any claim actionable under § 1983 against the defendants. *See, e.g., Chapman v. Reynolds*, 378 F. Supp. 1137 (W.D. Va. 1974) (holding that merely conclusory allegations of discrimination are insufficient to state actionable § 1983 claim); *Freeman v. Rideout*, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding that mere allegations of falsified evidence or misconduct reports, without more, do not state § 1983 claim); and *Paul v. Davis*, 424 U.S. 693, 701 (1976) (holding that reputation is not a property interest protected by the Due Process Clause).